```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
TRUSTEES OF THE UNITE HERE NATIONAL     :
HEALTH FUND and TRUSTEES OF THE UNITE   :
HERE NATIONAL RETIREMENT FUND,          :   08 Civ. 3788 (DLC)
                    Plaintiffs,         :
                                        :       MEMORANDUM
             -v-                        :     OPINION & ORDER
                                        :
THE NEW MAYFLOWER CORPORATION,          :
                    Defendant.          :
                                        :
----------------------------------------X
```

Appearances:

For Plaintiff:

David C. Sapp, Jr.
Amalgamated Life
730 Broadway
New York, NY 10003

DENISE COTE, District Judge:

On July 21, 2008, the Court entered a default in favor of the plaintiffs Trustees of the Unite Here National Health Fund and Trustees of the Unite Here National Retirement Fund (collectively, "Trustees"), and referred the matter to Magistrate Judge Debra Freeman for an inquest and Report and Recommendation ("Report") as to damages. On June 16, 2009, Judge Freeman issued her Report. Neither party has submitted objections to the Report. For the following reasons, the Report's recommendations are adopted and judgment entered against defendant The New Mayflower Corporation ("Mayflower").

When deciding whether to adopt a report, a court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).  To accept those portions of the report to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record."  King v. Greiner, 2009 WL 2001439, *4 (S.D.N.Y. July 8, 2009)(citation omitted).

The Trustees, which are fiduciaries of employee welfare and benefit plans, filed a complaint on April 22, 2008, seeking to enforce obligations imposed on Mayflower by the provisions of a collective bargaining agreement and Section 515 of the Employee Retirement Income Security Act of 1974 ("ERISA").  Trustees allege that Mayflower was obligated to pay weekly contributions to welfare and benefit plans, and that Mayflower failed to make these payments from April 2007 through January 2008.

The Report makes the following recommendations as to damages to be recovered for the Trustees' claim.  First, the Report correctly applies the rule that when a defendant is found liable for delinquent benefit contributions owed to an employee welfare or benefit plan under ERISA, the plaintiff may recover the unpaid contributions.  29 U.S.C. § 1132(g)(2); Coan v. Kaufman, 457 F.3d 250, 258 (2d Cir. 2006).  The Report therefore

2

recommends an award of $232,693.22 for the principal sum of unpaid contributions.

Second, the Report correctly recommends an award of prejudgment interest on the delinquent benefit contributions, 29 U.S.C. § 1132(g)(2)(B); Slupinski v. First Unim Life Ins. Co., 554 F.3d 38 (2d Cir. 2009), which is calculated from the date a missed payment first became due.  N.Y. C.P.L.R. § 5001.  The Report also correctly recommends that this interest be calculated at the rate prescribed by the collective bargaining agreement of one percent per month, or part thereof.  29 U.S.C. § 1132(g)(2).  The Report therefore recommends the Trustees be awarded interest of $44,564.42 through March 11, 2009.  The Report further recommends an award of prejudgment interest calculated at one percent per month, or part thereof, for the period running from April 2009 until the date of entry of this judgment; this additional interest amounts to $9,307.73.[1]  The total interest recommended therefore is $53,872.15.

Third, the Report correctly recommends awarding Trustees liquidated damages in the amount equal to the greater of (1) interest on the unpaid contributions, or (2) an amount provided for in the governing plan not to exceed twenty percent of the delinquent contributions.  29 U.S.C. § 1132(g)(2); Cement and

---

[1] This number represents the sum of four months' interest on the total unpaid contributions, at the rate of one percent interest per month.

3

Concrete Workers Dist. Council v. Lollo, 35 F.3d 29, 36 (2d Cir. 1994).  Prejudgment interest is $53,872.15, and twenty percent of the unpaid contribution is $46,538.64.  The Report therefore recommends awarding liquidated damages in an amount equal to the prejudgment interest, or $53,872.15.

Fourth, the Report correctly recommends awarding costs.  29 U.S.C. § 1132(g)(2)(D); Labarbera v. Clestra Hauserman, Inc., 369 F.3d 224, 226 (2d Cir. 2004).  The Report therefore recommends awarding Trustees $350 for the court filing fee.

Finally, the Report correctly recommends against an award of attorneys' fees because although the Trustees' complaint requests them, the Trustees' proposed findings do not.  Moreover, the proposed findings fail to set forth any information related to attorneys' fees.  Nonetheless, the Report's recommendation that Trustees be granted an opportunity to file a separate application for attorneys' fees is accepted.

CONCLUSION

Finding no clear error in Magistrate Judge Freeman's Report, the Report is adopted.  The Clerk of Court shall enter judgment against Mayflower for $232,693.22 in unpaid contributions, $53,872.15 in prejudgment interest, $53,872.15 in liquidated damages, and $350 in costs, for a grand total of $340,787.52.  The Clerk of Court shall also close the case.  The

4

parties' failure to file written objections precludes appellate review of this decision.  See <u>United States v. Male Juvenile</u>, 121 F.3d 34, 38 (2d Cir. 1997).

    SO ORDERED:

Dated:    New York, New York
          July 24, 2009

                                        DENISE COTE
                              United States District Judge